UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY L. LEMERAND,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. SACV 14-00662-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On April 28, 2014, Jeffrey L. Lemerand ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability and Disability Insurance benefits. The Commissioner filed an Answer on August 11, 2014. On November 21, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff Jeffrey L. Lemerand is a 53-year-old male who applied for Social Security Disability and Disability Insurance benefits on January 27, 2010, alleging disability beginning August 3, 2009.  (AR 161.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 3, 2009, the alleged onset date.  (AR 163.)

Plaintiff's claim was denied initially on August 26, 2010 and on reconsideration on November 18, 2010. (AR 161.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Helen E. Hesse on October 5, 2011 in Orange, California.  (AR 161.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 161.)  Medical expert ("”ME") Joseph E. Jensen, M.D. and vocational expert ("VE") Alan Boroskin also appeared and testified at the hearing.  (AR 161.)

The ALJ issued an unfavorable decision on October 20, 2011.  (AR 161-175.)  The Appeals Council granted review on April 18, 2012 and remanded this case for further proceedings.  (AR 183-185.)

On remand from the Appeals Council, this case returned to ALJ Hesse at a hearing held on August 21, 2012, in Orange, California. (AR 27.)  Claimant appeared and testified and was represented by counsel.  (AR 27.)  Also appearing and testifying were ME Craig C. Rath, Ph.D. and VE Susan L. Allison.

The ALJ issued an unfavorable decision on October 3, 2012.  (AR 27-44.)  The Appeals Council denied review on February 28, 2014.  (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the granting of little or no weight to the physical function opinions of treating internist Frisch and examining orthopedist Steiger is based on specific and legitimate rationales.

2. Whether the ALJ properly considered all of the functional deficits assessed by psychological adviser Rath, examining psychiatrist Bagner, treating internist Frisch, and treating therapist Klein in assessing Mr. Lemerand's residual mental functional capacity.

3. Whether the finding that Mr. Lemerand's subjective complaints are not credible is supported by clear and convincing rationales.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

3

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.

Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since August 3, 2009, the alleged onset date. (AR 29.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: status post lumbar fusion with left residual sensory changes; cervical spine disc disease; status post left knee surgery; status post left rotator cuff repair; anxiety disorder with depressive features; learning disorder; and alcohol and marijuana abuse. (AR 29-30.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 30-35.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in § 20 C.F.R. 404.1567(b) with the following limitations:

> . . . except sit 6 hours out of an 8-hour day; stand or walk 6 hours out of an 8-hour day; must be able to change positions briefly for up to 5 minutes every hour; occasionally lift 20 pounds, frequently lift 10

>pounds; occasionally climb stairs, bend, balance, stoop, kneel, crouch, or crawl; prophylactically he is precluded from ladders, ropes, scaffolding or unprotected heights; he can perform frequent gross or fine manipulation bilaterally; is capable of frequent reaching with both upper extremities except no more than occasional reaching at or above shoulder level; with the head and neck, no extremes of neck motion, but he can occasionally flex, extend, or rotate; and mentally he can do basic literary skills, sixth or seventh grade reading level, but no small enclosed spaces such as telephone booths or MRI scanning devices.

(AR 35-42.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 37.)

At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as sales agent pest control service. (AR 42-43.) The ALJ also made an alternative step five finding that, considering Claimant's age, education, work experience and RFC, there are other jobs that exist in significant numbers in the national economy that Claimant also can perform, including office helper, cashier II and assembler plastic hospital parts. (AR 43-44.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 44.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's credibility. The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I.   THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff alleges that the ALJ erred in rejecting medical opinions regarding Plaintiff's physical and mental impairments. The Court disagrees.

**A.     Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining

professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B. Analysis Of Medical Evidence Regarding Plaintiff's Physical Limitations

Plaintiff Jeffrey Lemerand has severe physical impairments, including status post lumbar fusion with left residual sensory changes, cervical spine disc disease, status post left knee surgery and status post left rotator cuff repair. (AR 29.) He alleges chronic pain in his back, neck and legs. (AR 36, 99-100.) The ALJ, however, assessed Plaintiff with a light work RFC with substantial limitations. (AR 35.)

Plaintiff challenges the ALJ's RFC, contending that the ALJ failed to provide specific, legitimate reasons for discounting the opinions of his treating physician Dr. Donna Frisch, an internist, and the orthopedic consulting examiner Dr. Ralph Steiger. Dr. Frisch submitted three physical capacities evaluation forms in 2011 and opined on each occasion that Plaintiff cannot work a full day as she limited him to standing and walking less than 1 hour in an 8 hour day, and sitting less than 1 hour. (AR 39.) She also opined Claimant is not capable of climbing, balancing, stooping, kneeling, crouching or crawling, and only occasional overhead reaching. (AR 39.) In a December 23, 2010 letter, Dr. Frisch stated Plaintiff has been totally disabled since March 2009. (AR 584.)

The ALJ gave no weight to Dr. Frisch's opinions, primarily because her opinions are not consistent with "the medical evidence of record." (AR 39.) More specifically, the ALJ found that Dr. Frisch's treatment notes indicated Plaintiff's pain symptoms are controlled or stable. (AR 39.) There are a few instances when Dr. Frisch reported Plaintiff's pain symptoms as uncontrolled, but then noted these symptoms are controlled or stable by the next examination. (AR 39.) An ALJ may reject a treating physician's opinion that is not supported or is contradicted by his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216 (ALJ may reject physician's opinion contradicted by his or her treatment notes.) Plaintiff challenges the ALJ's description of Dr. Frisch's treatment notes but the Court found numerous treatment notes that indicate Plaintiff's chronic pain syndrome, back pain, spinal stenosis and rib strain are stable or controlled. (AR 476, 478, 480, 482, 486, 487, 497, 499, 574, 595, 628, 674, 676.) Only a few entries indicate these symptoms are uncontrolled (AR 484, 576, 630, 678) and, as the ALJ found, they are followed by entries indicating the symptoms were stable or controlled. In rejecting Dr. Frisch's opinion as not consistent with the medical evidence, the ALJ also found that there is little record of significant increases in Plaintiff's pain medications or the use of more serious treatment modalities for his back impairment. (AR 39.)

The ALJ further noted that Dr. Frisch's opinions are not consistent with Claimant's stated activities. (AR 39.) Plaintiff helped his brother with the care of their mother before her passing in 2010. (AR 39.) He does chores, cooks and drives. (AR 41.) He runs errands, shops, attends appointments and functions outside the home. (AR 33.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216. As noted below, moreover, the ALJ properly discounted Plaintiff's credibility because his symptoms are uncorroborated by the objective medical evidence and because of his inconsistent daily activities. A treating physician's opinion based on subjective complaints of a claimant

whose credibility has been discounted can be properly disregarded. Tonapetyan v. Halter, 242 F.3d 1144,1149 (9th Cir. 2001); Andrews, 53 F.3d at 1043.

   The ALJ gave greatest weight to the impartial testifying expert Dr. Joseph Jensen who is an orthopedist. (AR 38.) Dr. Jensen reviewed the entire evidence of record and provided a light work RFC with numerous limitations, the RFC adopted by the ALJ. (AR 38.) State agency medical consultants Dr. J. Berry and Dr. B. Vaghwaiwalla also provided light work RFC assessments. (AR 549-51, 581.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan, 242 F.3d at 1150. Plaintiff argues that Dr. Jensen, Dr. Berry and Dr. Vaghwaiwalla are non-examining physicians whose opinions are not substantial evidence. The Ninth Circuit, however, has held that the opinions of non-examining physicians do constitute substantial evidence where those opinions are consistent with and supported by other independent evidence of record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600. Here, the independent evidence cited by the ALJ consists of Dr. Frisch's treatment notes, the lack of increased pain medication and no record of more serious treatment modalities.

   The ALJ also rejected Dr. Frisch's assertions that Plaintiff is disabled because disability is an issue reserved to the Commissioner. Plaintiff takes issue with this rationale. Social Security regulations do make clear treating source opinions on issues reserved to the Commissioner such as disability, RFC and the Listings are not binding, controlling, or given special significance. 20 C.F.R. § 1527(e)(1), (2) and (3); 20 C.F.R. § 416.927(e)(1), (2) and (3); SSR 96-5p (1996 WL 374183). That those issues are reserved to the Commissioner, however, does not mean that treating source opinions on those issues are irrelevant or can be ignored. SSR 96-5p, at *3, after acknowledging treating source opinions are not controlling on certain issues, explicitly states that "opinions from any medical source on issues that are reserved to the Commissioner must never be ignored." On the issue of whether a claimant is disabled, SSR 96-5p, at *5, also says that medical opinions on these issues "must not be disregarded." Here,

however, the ALJ did not reject Dr. Frisch's disability opinion solely on the ground that disability is an issue reserved to the Commissioner. The ALJ provided specific, legitimate reasons for rejecting Dr. Frisch's opinions supported by substantial evidence.

The ALJ also rejected the opinion of Dr. Ralph Steiger. Like Dr. Frisch, Dr. Steiger opined that Plaintiff could not sit more than 1-2 hours in an 8 hour workday or walk more than 1-2 hours a day. (AR 40.) The ALJ found that this opinion is not consistent with the objective medical evidence (AR 40) which would include the opinions of Dr. Jensen, Dr. Berry and Dr. Vaghwaiwalla. It also would include Dr. Frisch's treatment notes indicating Plaintiff's pain is controlled or stable, the lack of increased pain medications and more serious treatment modalities, and Plaintiff's inconsistent daily activities.

It is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected the opinions of Dr. Frisch and Dr. Steiger for specific, legitimate reasons supported by substantial evidence.

### C. Analysis Of Medical Evidence Regarding Plaintiff's Mental Limitations

Plaintiff contends that the mental health opinions in the record of Dr. Rath, Dr. Bagner, Dr. Frisch and family therapist intern Lorraine Klein support greater limitations than are contained in the ALJ's RFC. The Court disagrees.

The ALJ determined that Plaintiff has the severe mental impairments of anxiety disorder with depressive features, learning disorder and alcohol and marijuana abuse. (AR 29.) Plaintiff's dyslexia is a learning disability that does cause some limitation in his ability to perform all work activity with all mental demands. (AR 30.) In particular, his dyslexia affects his reading capabilities, memory and language use. (AR 30.) Because of the combined effects of his anxiety, dyslexia and alcohol abuse (AR 34), the ALJ's

RFC provides as limitations for Plaintiff that "mentally he can do basic litera[c]y skills, sixth or seventh grade level, but no small enclosed spaces such as telephone booths or MRI scanning devices." (AR 35-36.) The latter is due to his anxiety disorder. (AR 37-38.)

The ALJ's mental RFC limitations derive from the testifying mental health expert, Dr. Craig C. Rath, a licensed clinical psychologist who reviewed the entire evidence of record. (AR 38, 126-132.) He diagnosed a learning disability due to dyslexia and anxiety disorder, not otherwise specified with depressive features. (AR 127.) With Listing 12.09 for substance abuse present, Dr. Rath assessed mild limitations in restriction of daily activities and moderate limitations in social functioning and in concentration, persistence and pace. (AR 127.) Without 12.09 present, Dr. Rath assessed mild limitations in all of the above categories and would find Plaintiff's mental limitations nonsevere. (AR 127.) With the 12.09 issues present, Dr. Rath assessed mental limitations that would preclude jobs requiring more than basic literacy skills which is no more than sixth or seventh grade reading level. (AR 130.) Because of Plaintiff's anxiety disorder and claustrophobia specifically noted, Dr. Rath precluded work in small enclosed work spaces. (AR 130.) With these limitations which the ALJ incorporated into his RFC assessment for Plaintiff, Dr. Rath rated Plaintiff moderate in concentration, persistence and pace. (AR 130.) The ALJ gave greatest weight to Dr. Rath's assessment of Plaintiff's mental limitations. (AR 38.) Plaintiff contends that the ALJ omitted Dr. Rath's moderate limitation in concentration, persistence and pace but the above exchange makes clear that the reading limitation is a moderate limitation in concentration, persistence and pace. Additionally, the ALJ specifically found Plaintiff to have no more than moderate difficulties in regard to concentration, persistence and pace elsewhere in the opinion. (AR 32.) Thus, the ALJ did not omit mention of this limitation as Plaintiff contends. The Court also notes that two State agency reviewing psychiatrists, Dr. Balson and Dr. Morgan, found Plaintiff was capable of at least simple

repetitive tasks, especially if he maintains sobriety and takes his medications. (AR 561, 580.)

Plaintiff next addresses the July 29, 2010 opinion of consulting psychiatrist Dr. Ernest Bagner who diagnosed depressive disorder and alcohol dependency. (AR 35, 557.) Dr. Bagner noted Plaintiff takes psychiatric medications with moderate success, does activities of daily living, manages money, and drives places alone. (AR 558.) He specifically opined, "If the patient avoids alcohol abuse, he should be significantly better in less than six months." (AR 558.) Dr. Bagner opined Plaintiff would have no limitations interacting with supervisors, peers and the public or completing simple tasks. (AR 35, 558.) He would have only mild limitations maintaining concentration, persistence and pace. (AR 35, 558.) He would have mild to moderate limitations handling normal stresses at work and completing a normal work week without interruption. (AR 35, 558.) Plaintiff complains that the ALJ did not adopt the latter limitation in her RFC but the ALJ gave only "some weight" to Dr. Bagner's report and other physicians like Dr. Rath did not assess moderate limitations in handling workplace stress.

Plaintiff also relies on two reports by Dr. Frisch (AR 34), a Mental Disorder Questionnaire dated May 11, 2010 (AR 542-547) and a Mental RFC Assessment dated March 25, 2011. (AR 34, 602-604.) Dr. Frisch indicated Plaintiff was not limited in the ability to understand and carry out both simple and complex instructions, but was moderately limited in the ability to maintain attention and concentration. (AR 602.) Dr. Frisch also indicated Plaintiff was markedly limited in the ability to complete a normal work week, to respond appropriately to changes in the work setting and to travel to unfamiliar places or use public transportation. (AR 34, 603, 604.) The ALJ gave no weight to Dr. Frisch's mental RFC assessment for two reasons. First, Dr. Frisch is an internist, not a mental health specialist, and thus deserves less weight than the mental health specialists opining on Plaintiff's condition like Dr. Rath, Dr. Bagner, Dr. Balson and Dr. Morgan. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (opinion of

doctor who specializes in the relevant field is entitled to greater weight). Second, the ALJ found that Dr. Frisch's notes indicate Claimant's limitations are caused by the combination of chronic pain from his physical impairments and depression, and thus does not specifically distinguish the level of impairment and limitation caused solely by mental disorders. (AR 34.) These are specific, legitimate reasons for rejecting Dr. Frisch's opinions regarding Plaintiff's mental limitations.

Plaintiff also cites the February 10, 2011 opinion of Lorraine Klein, a family therapy intern who found extreme limitations of daily activities. (AR 34, 598.) In a second form dated July 9, 2011, she also found marked limitations in concentration, persistence and pace. (AR 34, 640.) The ALJ rejected Ms. Klein's opinions for three reasons. First, Ms. Klein is not an acceptable medical source and her opinion as an "other source" are not given as much weight as the opinion of a medical doctor. (AR 34.) Other source opinions can be discounted for germane reasons such as inconsistency with the medical evidence. Bayliss, 427 F.3d at 1218. Second, the forms filled out by Ms. Klein do not make any clear distinction between Claimant's pain due to his physical impairments and his mental impairments. (AR 34.) Third, the ALJ also found that Ms. Klein's opinions and severity ratings are not fully consistent with the medical evidence of record (AR 34), which as noted is a germane reason for discounting an other source opinion.

Again, it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ provided specific, legitimate reasons for discounting the opinions of Dr. Bagner and Dr. Frisch, and germane reasons for rejecting the opinion of Ms. Klein, supported by substantial evidence.

**II.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

Plaintiff alleges the ALJ improperly discounted his subjective symptoms. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (AR 37.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent inconsistent with the ALJ's RFC. (AR 37.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the RFC is based on the medical evidence of Plaintiff's physical and mental impairments and limitations previously discussed. Plaintiff's allegations of disabling subjective pain symptoms are inconsistent with the medical evidence which indicates Plaintiff can perform light work with limitations. (AR 35.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).

Second, the ALJ found that Plaintiff's mental health treatment history undermines Claimant's credibility. (AR 41.) The ALJ noted that Claimant only recently sought mental health treatment even though he alleged depression back at the time he filed his initial application. (AR 41.) His treatment consisted of medications which controlled his symptoms in spite of his alcohol use. The ALJ may consider conservative treatment in evaluating credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

Third, the ALJ found that Plaintiff's daily activities are inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Here, Plaintiff admits he can dress and bathe himself, shop and cook. (AR 31, 41.) For much of the period under consideration, he lived with and cared for his ailing mother while she was alive, without need of assistance for himself. (AR 33, 41.) Caring for his mother included driving her to and from doctor appointments. (AR 41.) He gets out of the house to run errands, shop and attend appointments, and is able to function outside the home. (AR 33.) He drove to his consulting exam and participated in it without any noted physical problems. (AR 41.) Plaintiff argues that the daily activities cited above do not prove he can work but they do suggest Claimant has greater functional abilities than alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Fourth, the ALJ noted inconsistencies between Plaintiff's statements regarding his subjective symptoms and his other statements and conduct. An ALJ may consider such inconsistencies in evaluating credibility. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59. Here, the ALJ noted that Claimant stated he can only drive short distances and is significantly limited in his ability to carry on daily activities, which is inconsistent with the range of daily activities discussed above. (AR 41.) He testified he had not used marijuana since 1984, then later testified his last use was a few weeks ago. (AR 36, 41.) He claims he cannot walk without a cane or walker (AR 36) but there is no prescriptions for a walker or a wheelchair and no complaints to treating physicians requesting one. (AR 41-42.)

Plaintiff disputes the ALJ's adverse credibility finding but again it is the ALJ who has the responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ rejected Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: December 10, 2014            */s/ John E. McDermott*
                                               JOHN E. MCDERMOTT
                                   UNITED STATES MAGISTRATE JUDGE